JILL P. TELFER, State Bar No. 145450
LAW OFFICES OF JILL P. TELFER
A Professional Corporation
331 J. Street, Suite 200
Sacramento, California 95814
Telephone:   (916) 446-1916
Facsimile:   (916) 446-1726

Attorneys for Plaintiff
**KOLLEEN MCNAMEE**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KOLLEEN MCNAMEE**,<br><br>   Plaintiff,<br><br>v.<br><br>**ROMAN CATHOLIC DIOCESE OF SACRAMENTO, ST. FRANCIS HIGH SCOOL, DOES 1 through 20, inclusive,**<br><br>   Defendants. | CASE NO:<br><br>**COMPLAINT FOR DAMAGES DUE TO EMPLOYMENT DISCRIMINATION AND RETALIATION**<br><br>[42 U.S.C. §2000e]<br><br>** JURY TRIAL REQUESTED ** |

COMES NOW Plaintiff, **KOLLEEN MCNAMEE** and alleges as follows:

### JURISDICTION AND VENUE

1. This action is for damages and equitable relief and is brought pursuant to 42 U.S.C. 2000 et seq.

2. Venue of this action in this Court is proper since the actions, as alleged, all occurred in the Eastern District.

### PARTIES

3. Plaintiff Kolleen McNamee ("McNamee") is a female who was employed by Defendant St. Francis High School ("SFHS") as the Athlete Director for approximately eleven years at the time of her unlawful termination on or about August 3, 2012. She is a Certified Athletic Administrator and has

Complaint for Damages

received designations and commendations for her work. At all times during Plaintiff's employment with Defendant McNamee's performance was excellent.

4. In fact, the school's senior administrators consistently rated McNamee's performance as excellent in her written evaluations with such comments as;

- "SFHS is lucky and blessed to have such a talented, committed, caring person in this job."

- "Colleen is an outstanding Athletic Director for SFHS who continues to pursue professional personal goals."

- "She is not afraid to have the harder conversations with coaches to encourage more professional behavior as needed... Colleen is simply an outstanding Athletic Director for St. Francis High School. She believes and lives the school mission, conducting herself in a professional manner, and setting a good example for the 42 coaches and assistant athletic directors who report to her."

5. In plaintiff's most recent performance evaluation, Assistant Principal Ann Marie Faires gave Ms. McNamee the highest possible ratings for initiative and flexibility, communication, job knowledge, organization and planning, and interpersonal skills.

6. McNamee considered SFHS and its staff as part of her family. She was an alumni and had hoped her daughters would also attend the high school.

7. Defendant Roman Catholic Diocese of Sacramento ("Diocese") is doing business in Sacramento, California in part as Defendant SFHS is an employer of over 25 persons. The Diocese, through Margo Reid Brown (SFHS' new President), Patrick O'Neill (SFHS Principal) and Ann Marie Faires (SFHS Assistant Principal), undermined McNamee's authority by failing to take corrective action against several male coaches who were not following McNamee's directive regarding health and safety regulations and who were insubordinate to Plaintiff in part due to her gender. Defendants and each of them ultimately terminated McNamee for pretextural reasons on August 3, 2012 so it could hire a male Athletic Director.

8. One male coach refused to take direction from Plaintiff because of her gender. He continued to undermine Plaintiff because of her gender. He continued to undermine Plaintiff beginning in 2009. Rather than take corrective action and supporting Plaintiff, Defendants allowed the harassment

and discrimination by the male coach to continue because of the coaches respective gender.

9. In September 2010 Plaintiff complained to the President, principal and assistant principal of discrimination, harassment, bullying and defamation. In violation of SFHS' own written policies, Defendants and each of them failed to properly investigate or take any corrective action.

10. McNamee consistently reported her concerns about a male coach who acted unprofessionally in taunting opposing players and teams and abusing officials and who failed to insure a student with a resting heart rate of 91 who flunked her physical, was properly cleared to play by her primary care physician after the required follow-up examination.

11. McNamee consistently reported safety concerns to her superiors throughout her tenure. This activity is protected by a clear and well known public policy in favor of keeping student athletes safe. (Cal. Educ. Code §35179)

12. In September 2011, McNamee made complaints of several safety concerns about a coach who was conducting illegal conditioning sessions in his karate dojo without obtaining and documenting updated physical examination for all players; clearance of all adults who transport student athletes in their privately owned vehicles; procedures for accounting for athletes who travel to games via bus but who return home with their parents; medical clearance examinations following injuries; and reporting and correction of facility safety issues.

13. While Plaintiff was on maternity leave in late May 2011, Defendant refused to take corrective actions against the male coach who continued to violate safety protocol and had been insubordinate, and instead removed basketball from the Athletic Director's responsibility to have this male coach supervised by a male since he had problems taking direction from women.

14. After receiving pretextural discipline motivated by her gender in late January 2012 and March 30, 2012, Plaintiff made another complaint of discrimination and requested an investigation into both incidences including what allegedly lead to this pretextural discipline. No investigation ever took place in violation of SFHS' own written policies.

15. Plaintiff was terminated under pretextural reasons so Defendant could hire a male Athletic Director who was hired on or about September 15, 2012. Respondent articulated false reasons for McNamee's termination, including cause existed to discipline and lack of performance so it could

hire a male in violation of the law, exhibiting a reckless disregard for the harm such action would cause McNamee

16. Plaintiff is informed and believes, and thereby alleges that each of the defendants herein was at all times relevant hereto the agent, employee or representative and/or joint venturer of the remaining defendants, and was acting at least in part within the course and scope of such relationship. Plaintiff is further informed and believes, and thereon alleges, that each of the defendants herein gave consent to, ratified, and authorized the acts alleged herein to each of the remaining defendants.

17. Plaintiff alleges on information and belief that, at all times relevant herein, defendants, and each of them, have actively participated in the retaliation of, and/or discrimination against Plaintiff because of her use of her gender and protected activity and/or have failed to intervene or otherwise prevent said harassment, discrimination and retaliation despite their knowledge of the illegal activity.

18. All of the described conduct, acts, and failures to act are attributed to agents and employees under the direction and control, and with the permission, consent and authorization of the remaining Defendants. Said acts, conduct and failures to act are within the scope of such agency and/or employment.

19. Plaintiff filed a Complaint with the Equal Employment Opportunity Commission and received a right to sue on November 30, 2012.

## FIRST CLAIM FOR RELIEF

### Retaliation
### (42 U.S.C. 2000e)

20. The allegations in paragraph 1 through 19, are incorporated herein by reference.

21. On September 18, 2010 Plaintiff made a complaint of hostile work environment and discrimination as referenced above. Defendants never investigated in violation of their own policy.

22. Thereafter, Plaintiff continued to voice her opposition to the discrimination and retaliation taken against her up until her unlawful termination. So she did so verbally and in writing.

23. Defendants retaliated against Plaintiff for opposing and complaining of Defendants' discrimination and retaliation from 2010 up until her termination.

24. Defendants' course of retaliatory conduct included but not limited to pretextural discipline, being set up to fail, ostracized, defamed and ultimately terminated.

25. As a proximate result of Defendants' retaliation against Plaintiff, Plaintiff has suffered and continues to suffer substantial losses in earnings, both past and future, and has and continues to suffer embarrassment, humiliation and mental anguish all to her damage in an amount according to proof.

26. As a direct and proximate result of the conduct of Defendants and each of them, Plaintiff has incurred and will incur special damages, including but not necessarily limited to lost wages and salary, lost stock options and bonuses, lost benefits, lost future earnings and benefits, medical costs and expenses all in an amount to be determined according to proof at trial.

27. As a further, direct and proximate result of the conduct of Defendants, and each of them, Plaintiff has suffered and will continue to suffer general damages, including severe emotional distress. Plaintiff sustained great emotional disturbance, shock and injury to her nervous system, all of which caused and continues to cause Plaintiff severe physical and emotional injury, without limitation in an amount to be determined according to proof at trial.

28. As a result of Defendants' discriminatory conduct as alleged herein, Plaintiff has no plain, adequate or complete remedy at law, and Defendant continues to engage in said wrongful conduct. Therefore, Plaintiff requests that Defendant, including its agents and employees and those acting in concert with them be permanently enjoined from engaging in this alleged wrongful practices set forth herein and for Plaintiff to be reinstated.

## SECOND CLAIM FOR RELIEF

### Gender Discrimination
### (42 U.S.C. 2000, *et seq.*)

29. The allegations in paragraph 1 through 29 are incorporated herein by reference.

30. Defendants took adverse actions against Plaintiff which affected the terms and conditions of employment. Such acts include setting Plaintiff up to fail and undermining her authority by failing to take sufficient corrective action against a male subordinate who had problems taking direction from

a female and who engaged in health and safety violations which put students in harm's way. In addition, Defendants gave Plaintiff prextextural discipline and ultimately terminated her.

31. The particulars of the unfair treatment are described above and in discrimination complaints which are incorporated herein by reference.

32. As a proximate result of Defendants' discrimination, Plaintiff has suffered and continues to suffer substantial losses in earnings, both past and future, and has and continues to suffer embarrassment, humiliation and mental anguish all to her damage in an amount according to proof.

33. As a direct and proximate result of the conduct of Defendants and each of them, Plaintiff has incurred and will incur special damages, including but not necessarily limited to lost wages and salary, lost stock options and bonuses, lost benefits, lost future earnings and benefits, medical costs and expenses all in an amount to be determined according to proof at trial.

34. As a further, direct and proximate result of the conduct of Defendants, and each of them, Plaintiff has suffered and will continue to suffer general damages, including severe emotional distress. Plaintiff sustained great emotional disturbance, shock and injury to her nervous system, all of which caused and continues to cause Plaintiff severe physical and emotional injury, without limitation in an amount to be determined according to proof at trial.

35. As a result of Defendants' discriminatory conduct as alleged herein, Plaintiff has no plain, adequate or complete remedy at law, and Defendant continues to engage in said wrongful conduct against women. Therefore, Plaintiff requests that Defendant, including its agents and employees and those acting in concert with them be permanently enjoined from engaging in this alleged wrongful practices set forth herein and be reinstated.

## **PRAYER**

WHEREFORE, plaintiff prays for judgment as hereinafter set forth:

1. After appropriate proceedings, permanently enjoin Defendants from discriminating against females and reinstatement of Plaintiff;

2. Award Plaintiff compensatory damages, according to proof, for lost wages, medical and psychiatric care expenses and pain and suffering;

3. Attorneys' fees;
4. Costs of suit;
5. For any other relief that the Court deems just and proper.

Date: December 27, 2012

LAW OFFICES OF JILL P. TELFER
A Professional Corporation

/s/

---

JILL P. TELFER
Attorney for Plaintiff
**KOLLEEN MCNAMEE**